UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

– – – – – – – – – – – – – – – – – – x
                :

LES TROIS PETITS COCHONS, INC.    :
4223 1st Avenue               :
Brooklyn, New York 11232,      :

                :    Civil Action No.
        Plaintiff,    :
                :
          v.        :
                :

THREE LITTLE PIGS CHARCUTERIE &  :
SALUMI                 :
5111 Georgia Avenue, NW      :
Washington, DC 20011,       :
                :
        Defendant.    :
– – – – – – – – – – – – – – – – – – x

## COMPLAINT

     Plaintiff Les Trois Petits Cochons, Inc. ("Plaintiff" or "LTPC"), through its attorneys,

complaining of defendant Three Little Pigs Charcuterie & Salumi ("Defendant"), alleges as

follows:

### The Parties

     1.     Plaintiff is a corporation organized and existing under the laws of the State of

New York, located and doing business at 4223 1st Avenue, Brooklyn, New York 11232.

     2.     On information and belief, Defendant is an unknown business entity with a

principal place of business at 5111 Georgia Avenue NW, Washington, DC 20011.  Defendant is

committing the acts complained of herein within this judicial district and is subject to the

jurisdiction of this Court.

### Jurisdiction and Venue

3.      This is an action for trademark infringement and false designation of origin under the provisions of the Lanham Act, 15 U.S.C. §§ 1051, et seq., and for common law unfair competition and deceptive acts and practices.

4.      This court has original jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121 (original jurisdiction in cases involving infringement of a federally registered trademark), 28 U.S.C. § 1338 (jurisdiction to adjudicate claims of infringement of a federally registered trademark and accompanying claims of unfair competition), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367(a)(supplemental jurisdiction).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that Defendant resides in this district.

Allegations Relevant To All Counts

6.      Plaintiff has produced all natural charcuterie and pâté products since 1975 and is one of the most highly-decorated specialty food companies in North America.  Plaintiff's numerous awards include "Gold Sofi" awards given to the best specialty foods in their class by the Specialty Food Association (formerly The National Association for the Specialty Food Trade), the preeminent American specialty food trade organization.  Plaintiff began as a small charcuterie in Greenwich Village, New York City, and today it leads the pâté and charcuterie industry, offering a complete line of sausages, saucissons, smoked meats, artisanal pâtés, mousses, terrines, and other specialties.

7.      Since at least as early as 1991, Plaintiff has used the trademarks TROIS PETITS COCHONS THREE LITTLE PIGS, THREE LITTLE PIGS and TROIS PETITS COCHONS in conjunction with its charcuterie meats and related food products.

577328.2

-2-

#2277342v.1

8.     Plaintiff's use of the TROIS PETITS COCHONS THREE LITTLE PIGS,

THREE LITTLE PIGS and TROIS PETITS COCHONS marks has been continuous since first

use and, since that time, the goods offered under the marks have been extensively promoted and

sold throughout the United States, including in this judicial district -- in brick and mortar shops;

through its mail order, telephone order, and internet (www.3pigs.com) businesses; and through

several well-known internet retailers.

9.     Based on the foregoing, the TROIS PETITS COCHONS THREE LITTLE PIGS,

THREE LITTLE PIGS and TROIS PETITS COCHONS marks have gained widespread

recognition in the United States.  As a result, the TROIS PETITS COCHONS THREE LITTLE

PIGS, THREE LITTLE PIGS and TROIS PETITS COCHONS marks and the goodwill

associated with them are of inestimable value to Plaintiff.

10.    Plaintiff's TROIS PETITS COCHONS THREE LITTLE PIGS mark has been

registered with the U.S. Patent and Trademark Office for over fifteen years, and Plaintiff's

registrations for the mark include the following:

a.     U.S. Trademark Registration No. 1,961,744, issued March 12, 1996, for
meat pates, cooked sausage and pickles;

b.     U.S. Trademark Registration No. 3,035,151, issued December 27, 2005,
for fresh and smoked salmon mousse with chopped spinach; pork-free
mousse made with duck foie gras, duck liver and duck meat; a pork-free
pate made with chicken meat; pate made of a combination of duck and
pork with pistachios and Grand Marnier; a vegetable terrine made of
broccoli, spinach, carrots and cauliflower; pure pork sausage naturally air-
dried; cooked ham with natural juices; cepes dried whole; small toast; and
Dijon mustard; and

c.     U.S. Trademark Registration No. 3,205,761, issued February 6, 2007, for
vegetable pates, seafood pates, fish pates, and poultry pates; and mustard.

11.     All of the above registrations are incontestable under Section 15 of the Trademark Act, 15 U.S.C. §1065.

12.     In addition to the above incontestable registrations, Plaintiff also has the following registrations:

> A.     U.S. Trademark Registration No. 4,549,918, issued June 17, 2014, for the mark THREE LITTLE PIGS covering: pates, mousses and terrines made of meat, seafood, fish, poultry or vegetables; cooked, smoked, cured and dried meats and sausages; cooked ham; foie gras; preserved, dried and cooked mushrooms and vegetables in International Class 29, and toast, mustard in International Class 30.

> B.     U.S. Trademark Registration No. 4,549,919, issued June 17, 2014, for the mark TROIS PETITS COCHONS covering: pates, mousses and terrines made of meat, seafood, fish, poultry or vegetables; cooked, smoked, cured and dried meats and sausages; cooked ham; foie gras; preserved, dried and cooked mushrooms and vegetables in International Class 29, and toast, mustard in International Class 30.

13.     Copies of records of the U.S. Patent and Trademark Office reflecting all of the five above registrations are attached hereto as Exhibit 1.

14.     On March 21, 2012, Plaintiff also filed an application under 15 U.S.C. § 1051(b), as amended, to federally register the trademark 3PIGS covering the following goods: meat, fish, poultry and game; preserved meats and sausages; preserved, dried and cooked fruits and vegetables; jellies, jams, fruit and vegetable sauces; edible oils and fats in International Class 29; flour and preparations made from cereals, bread, pastry and confectionery; yeast, baking-powder; salt, mustard; vinegar, sauces, condiments; spices in International Class 30; and retail store services featuring foods and products in International Class 35, which application was subsequently assigned Serial No. 85/575,372 ("the '372 Application").  A notice of allowance for the '372 Application was issued on January 7, 2014; and a first request for extension of time to file a statement of use has been granted.

Case 1:14-cv-01651-RCL   Document 1   Filed 10/02/14   Page 5 of 13

15.	A copy of records of the U.S. Patent and Trademark Office reflecting the above '372 application is attached hereto as Exhibit 2.

<u>Defendant's Wrongful Conduct</u>

16.	On information and belief, Defendant is offering for sale and selling charcuterie and related products under the mark and trade name "Three Little Pigs."

17.	On information and belief, Defendant's activities include, without limitation, sales at a brick and mortar location within this judicial district, catering activities, workshop activities and sales at farmers' markets.

18.	On information and belief, Defendant also operates a website, www.threelittlepigsdc.com, on which Defendant provides, among other things, information about its goods and services.

19.	Defendant's activities and use of the "Three Little Pigs" mark have all been without Plaintiff's authorization or consent.

20.	On information and believe, all of these activities have taken place despite Defendant's knowledge of Plaintiff and Plaintiff's trademark rights.  As a result of Defendant's wrongful activities, counsel for Plaintiff sent three cease and desist letters to Defendant. Defendant did not respond until after receiving the third letter, thereby evidencing its bad faith.

21.	On information and belief, Defendant has begun to use and intends to continue to use the acronym "TLP", an acronym for "Three Little Pigs," in connection with its charcuterie and related products and services.  On further information and belief, Defendant has selected this acronym despite knowledge that Plaintiff's distributors have referred to Plaintiff as "TLP."  This further evidences Defendant's bad faith and intent to cause confusion in the marketplace.

577328.2                                         -5-

#2277342v.1

COUNT I

TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

22.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.     Defendant has used and continue to use in commerce the "Three Little Pigs" mark, and such use is likely to cause confusion, or to cause mistake, or to deceive vis-à-vis Plaintiff's federally-registered TROIS PETITS COCHONS THREE LITTLE PIGS, THREE LITTLE PIGS and TROIS PETITS COCHONS marks.  Defendant is therefore liable to Plaintiff pursuant to 15 U.S.C. § 1114(1).

24.     Unless restrained and enjoined by this Court, Defendant will, on information and belief, continue to infringe Plaintiff's rights in its federally-registered TROIS PETITS COCHONS THREE LITTLE PIGS, THREE LITTLE PIGS and TROIS PETITS COCHONS marks, and will continue thereby to cause irreparable injury and damage to Plaintiff.

25.     No adequate remedy exists at law for the irreparable harm Defendant's infringement has caused and is causing Plaintiff.  Plaintiff is entitled to preliminary and permanent injunctive relief.

26.     Defendant's infringement of rights of Plaintiff in the federally-registered TROIS PETITS COCHONS THREE LITTLE PIGS, THREE LITTLE PIGS and TROIS PETITS COCHONS marks has caused and continues to cause damage and harm to Plaintiff and to lower the value of the goodwill represented by the mark.  Plaintiff is therefore entitled to a monetary recovery consistent with 15 U.S.C. § 1117(a) in an amount to be proven at trial.

27.    Defendant's infringement of the rights of Plaintiff has been knowing, willful and in deliberate disregard of the rights of Plaintiff and of Defendant's obligations under federal law. Plaintiff is entitled to enhanced damages under 15 U.S.C. § 1117(a).

28.    This is an exceptional case within the meaning of 15 U.S.C. § 1117(a).  Plaintiff should be awarded reasonable attorneys' fees herein.

COUNT II

UNFAIR COMPETITION UNDER THE LANHAM ACT

29.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.    Defendant has used and continues to use the "Three Little Pigs" mark in commerce.  In that connection Defendant distributes, advertises, offers for sale and/or sells charcuterie and related products and services in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff and/or as to the origin, sponsorship or approval of Defendant's goods and services by Plaintiff.

31.    On information and belief, Defendant has begun to use intends to continue to use the acronym "TLP" in commerce in connection with its charcuterie and related products and services in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff and/or as to the origin, sponsorship or approval of Defendant's goods and services by Plaintiff.

32.    Plaintiff believes that it has been and is likely to continue to be damaged by these acts of false designation of origin by Defendant.

33. Defendant is, pursuant to 15 U.S.C. § 1125(a), liable to Plaintiff for Defendant's acts of false designation of origin.

34. No adequate remedy exists at law for the irreparable harm Defendant's acts of false designation of origin have caused and are causing Plaintiff. Plaintiff is entitled to preliminary and permanent injunctive relief.

35. Defendant's acts of false designation of origin have caused and continue to cause damage and harm to Plaintiff. Plaintiff is therefore entitled to a monetary recovery consistent with 15 U.S.C. § 1117(a) in an amount to be proven at trial.

36. Defendant's acts of false designation of origin have been knowing, willful and in deliberate disregard of Plaintiff's rights and of Defendant's obligations under federal law. Plaintiff is entitled to enhanced damages under 15 U.S.C. § 1117(a).

37. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a). Plaintiff should be awarded reasonable attorneys' fees herein.

COUNT III

COMMON LAW UNFAIR COMPETITION

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. As more fully set forth above, the TROIS PETITS COCHONS THREE LITTLE PIGS, THREE LITTLE PIGS, TROIS PETITS COCHONS and 3PIGS marks have come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with Plaintiff.

40.     As a result of Defendant's activities, the trade and purchasing public is likely to erroneously believe that Defendant's offer for sale and sale of "Three Little Pigs" charcuterie and related products and services are sponsored or endorsed by Plaintiff.

41.     Upon information and belief, Defendant has intentionally appropriated the "Three Little Pigs" mark with the intent of causing confusion, mistake, and deception with respect to its products and services, and, as such, Defendant has committed unfair competition under the common law, all to the detriment of Plaintiff.

42.     Upon information and belief, Defendant has begun to use and intends to continue to use the "TLP" acronym with the intent of causing confusion, mistake, and deception with respect to its products and services, and, as such, Defendant has committed unfair competition under the common law, all to the detriment of Plaintiff.

43.     Upon information and belief, the acts of Defendant complained of herein have caused and continue to cause irreparable harm and damage to Plaintiff and its business, reputation and goodwill, and have caused and continue to cause Plaintiff to suffer monetary damages in an amount to be determined at trial.

44.     Plaintiff has no adequate remedy at law and is suffering irreparable harm as a result of the acts of Defendant.

COUNT IV

COMMON LAW TRADEMARK INFRINGEMENT

45.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46.     Plaintiff has common law rights in the TROIS PETITS COCHONS THREE LITTLE PIGS, THREE LITTLE PIGS, TROIS PETITS COCHONS and 3PIGS marks based on

their continuous use in the District of Columbia in connection with the offer for sale and sale of Plaintiff's charcuterie and related products.

47.     Defendant's unauthorized use of the "Three Little Pigs" mark and trade name to promote, advertise, market, and/or sell its goods and services is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Defendant's goods and services, or as to a connection or affiliation with Plaintiff, or permission from Plaintiff, that does not exist, causing irreparable harm to Plaintiff for which there is no adequate remedy at law. Defendant's conduct thus constitutes common law trademark infringement.

48.     Despite Defendant's actual and constructive knowledge of Plaintiff's ownership and prior use of the TROIS PETITS COCHONS THREE LITTLE PIGS, THREE LITTLE PIGS, TROIS PETITS COCHONS and 3PIGS marks, Defendant has continued to use the "Three Little Pigs" mark without Plaintiff's authorization or consent.  Defendant's actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiff in its marks.

49.     Plaintiff has sustained injury, damage, and loss as a result of Defendant's activities.


## COUNT V

## FEDERAL TRADEMARK DILUTION

50.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.     Plaintiff is the exclusive owner of the TROIS PETITS COCHONS THREE LITTLE PIGS, THREE LITTLE PIGS, TROIS PETITS COCHONS and 3PIGS marks.

#2277342v.1

52.     The TROIS PETITS COCHONS THREE LITTLE PIGS, THREE LITTLE PIGS, TROIS PETITS COCHONS and 3PIGS marks have been used for many years and are so recognized and associated with Plaintiff that it they are entitled to be recognized as famous and distinctive under 15 U.S.C. § 1125(c).

53.     The TROIS PETITS COCHONS THREE LITTLE PIGS, THREE LITTLE PIGS, TROIS PETITS COCHONS and 3PIGS marks have come to have secondary meaning indicative of origin, relationship, sponsorship and/or association with Plaintiff and its distinctive reputation for high quality products. The trade and the purchasing public is likely to attribute to Plaintiff Defendant's use of the "Three Little Pigs" name and mark as a source of origin, authorization and/or sponsorship for the products and services Defendant sells.  Further, consumers may purchase Defendant's products and services in the erroneous belief that Defendant is associated with, sponsored by or affiliated with Plaintiff, when, in fact, Defendant is not.

54.     Plaintiff has not authorized or licensed the use of the "Three Little Pigs" trademark to Defendant.

55.     Defendant's unauthorized use of the "Three Little Pigs" name and mark in its marketing, sale and distribution of charcuterie and related products and services is diluting the distinctive quality of Plaintiff's TROIS PETITS COCHONS THREE LITTLE PIGS, THREE LITTLE PIGS, TROIS PETITS COCHONS and 3PIGS marks and the goodwill associated with them in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

56.     Such conduct has injured Plaintiff and said injury will continue unless the Court enjoins Defendant from committing further wrongful acts.

57.     Upon information and belief, Defendant intentionally and willfully utilizes the "Three Little Pigs" name and mark to trade on Plaintiff's reputation and goodwill.

58.     Plaintiff has no adequate remedy at law and has suffered and will continue to suffer irreparable harm and damage as a result of the aforesaid acts of Defendant.

59.     Upon information and belief, Defendant has obtained gains, profits and advantages as a result of its wrongful acts in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court:

I.      Preliminarily and permanently enjoin and restrain Defendant, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them who receive actual notice of the Court's order, from using the TROIS PETITS COCHONS THREE LITTLE PIGS, THREE LITTLE PIGS, TROIS PETITS COCHONS and 3PIGS marks, and the acronym "TLP," and any other mark or designation confusingly similar to those marks in connection with the sale of any goods or the rendering of any services.

II.     Direct the Defendant to remove immediately any and all references to "Three Little Pigs" and "TLP" from its brick and mortar location, from its trade name, from its website, from its products, and from any other location or thing under its control.

III.    Award Plaintiff a monetary recovery in accordance with 15 U.S.C. § 1117 and in accordance with the common law in an amount to be proven at trial.

IV.     Find that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and award Plaintiff its reasonable attorneys' fees herein.

V.      Grant Plaintiff such other and further relief as the Court may find to be just and proper.

Respectfully submitted,
LES TROIS PETITS COCHONS, INC.

Dated:          October 2, 2014          /s/ Julie A. Hopkins
                                         Julie A. Hopkins, Esq. (USDC Bar No. 974914)
                                         Tydings & Rosenberg, LLP
                                         100 E. Pratt Street, 26th Floor
                                         Baltimore, Maryland 21202
                                         Tel:  410-752-9732
                                         Fax:  410-727-5460
                                         Email:  jhopkins@tydingslaw.com

                                         Of Counsel:
                                         Anthony F. Lo Cicero, Esq.
                                         Marc J. Jason, Esq.
                                         AMSTER, ROTHSTEIN & EBENSTEIN LLP
                                         90 Park Avenue
                                         New York, NY  10016
                                         Tel: 212-336-8000
                                         Fax: 212-336-8001
                                         Email: alocicero@arelaw.com
                                                 mjason@arelaw.com